1

2

3

4

5

6

7                    UNITED STATES BANKRUPTCY COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9   In re

10  @VANTAGE.COM, LLC,                              No. 07-10331

11                   Debtor(s).
    _____/

12  @VANTAGE.COM, LLC,

13

14                   Plaintiff(s),

15          v.                                      A.P. No. 07-1042

16  SPRING HILLS COMMUNITY CHURCH,

17                   Defendant(s).
    _____/

18

19              Memorandum on Motion for Remand
                    _____

20

21       In this Chapter 12 case, the debtor removed this adversary proceeding from state court.  The

    complaint seeks damages by the debtor against its landlord, defendant Spring Hills Community Church

22  ("SHCC").  The debtor, an organic farmer, alleged in the complaint that SHCC unlawfully denied the debtor

23  access to its greenhouse, resulting in loss of its entire 2005 organic tomato crop and damages of over $1

24  million.  SHCC filed a cross-complaint against the debtor for breach of contract, fraud and other claims.

25       The motion of SHCC for remand came on for hearing before the claims bar date.  The court stated at

26

1

that time that the counterclaim would turn the matter into a core proceeding if SHCC filed a proof of claim, so it would continue the hearing until after the claims bar date to see if SHCC actually filed a proof of claim. SHCC did in fact file a proof of claim, for $104,000.00, based on a prior unlawful detainer judgment it held against the debtor.

Pursuant to 28 U.S.C. § 157(b)(2)(C), this court has core jurisdiction to hear "counterclaims by the estate against persons filing claims against the estate." Once SHCC filed its proof of claim, it subjected itself to this court's equitable power and waived any right to a jury trial for the resolution of disputes vital to the bankruptcy process of allowance and disallowance of the claims. *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 354n6 (9th Cir. 1996), citing *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59, 109 S.Ct. 2782, 2799, 106 L.Ed.2d 26 (1989); *Katchen v. Landy*, 382 U.S. 323, 329, 86 S.Ct. 467, 472, 15 L.Ed.2d 391 (1966); *Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1329 (2d Cir.1993); *In re Hooker Invs., Inc.*, 937 F.2d 833, 838 (2d Cir.1991).

SHCC makes the extraordinary argument that because its claim relates to a separate lawsuit (albeit, it appears, the same property), the proof of claim did not turn this matter into a core matter. However, there is no requirement that the proof of claim be directly related to the complaint; all that 28 U.S.C. § 157(b)(2)(C) requires is that the debtor have counterclaims against a creditor filing a claim against the estate.

The sole case relied upon by SHCC is *In re Castelerock Properties,* 781 F.2d 159 (9th Cir. 1986). However, that case was decided before *Langenkamp* and is generally limited to its facts.[1] In that case, the creditor only filed its proof of claim after the bankruptcy court had decided to hear the debtor's claims against it. As the court itself noted:

> However, it seems unfair under the facts of this case to catagorize the counterclaims as falling within [28 U.S.C. § 157(b)(2)(C)] . . . . [The creditor] would not have filed the Proof of Claim if the bankruptcy court had declined jurisdiction over the counterclaims. 781 F.2d at

---

[1]To properly understand *Castlerock*, the reader must understand that in those ancient days automatic stay relief was sought by adversary proceeding rather than motion. The creditor in *Castelrock* filed a complaint seeking stay relief and the debtor answered and counterclaimed.

2

1    161-62 (emphasis added).

2         In this case, there is no unfairness.  The court expressly told SHCC's counsel that its filing of a proof

3    of claim would turn the matter into a core proceeding and that this matter would be remanded to state court

4    if SHCC did not file a proof of claim.  For some reason, SHCC decided it could have its cake and eat it too.

5    It can't.

6         For the above reasons, the court finds that this adversary proceeding is now a core matter.

7    SHCC's motion for remand will accordingly be denied.  Counsel for the debtor shall submit an appropriate

8    form of order.[2]

9

10   Dated:  August 8, 2007

11

12                                                      Alan Jaroslovsky
13                                                      U.S. Bankruptcy Judge

14

15

16

17

18

19

20

21

22

23

24   ─────────────────────────

25        [2]The court will abstain from hearing the complaint as to defendants who have not filed claims and from
     hearing cross-complaints or counterclaims against anyone other than the debtor.  Those matters only will be
26   severed and remanded.

3